

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# Out A Sight Pet v. Radio Sys Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3609

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Out A Sight Pet v. Radio Sys Corp" (2006). *2006 Decisions*. Paper 620.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/620

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3609

———————

OUT-A-SIGHT PET CONTAINMENT, INC.,
                                    Appellant
v.

RADIO SYSTEMS CORPORATION, RADIO FENCE
DISTRIBUTORS, INC.; LORI VOLWILER

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 01-cv-05775)
District Judge:   Honorable Louis H. Pollak

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 13, 2006
Before:   SMITH, WEIS and ROTH, Circuit Judges.
(Filed August 3, 2006)

———————

OPINION

———————

WEIS, Circuit Judge.

Defendant Radio Systems Corporation produces and sells components for

electronic pet fences.  Plaintiff Out-A-Sight Pet Containment, Inc. contracted to buy

components from defendant.  The dispute between the parties is a straightforward one:

1

did defendant agree to supply all of its various components as plaintiff contends, or only those listed in an appendix to the sales agreement?

After scrutinizing the supply agreement, the district judge decided that it was ambiguous and submitted the issue to a jury. During the trial, evidence established that plaintiff had been particularly interested in purchasing a component labeled as "UL-275D," which had not been included in the appendix. Interrogatory number one, which was submitted to the jury, asked whether defendant was required to supply UL-275D to plaintiff. The jury responded that plaintiff was not required to supply that item. Interrogatory two asked the jury if plaintiff had proved that defendant was required to allow plaintiff to buy all of the components, rather than only those listed in the appendix to the written agreement. Again, the jury responded in the negative.

After deliberations began, the jury sent a note to the district judge as follows: "Can we the jury interpret question two to mean all products with the exception of the UL-275D?" After a discussion with counsel, the judge answered, "No" to the inquiry. The jury subsequently responded that plaintiff had not proved that the agreement required defendant to allow plaintiff to buy all of the defendant's products.

On appeal, the plaintiff contends that the judge's answer was erroneous. We are not persuaded.

We review a district court's formulation of a jury interrogatory for abuse of discretion. Armstrong v. Burdette Tomlin Memorial Hosp. 438 F.3d 240, 246 (3d Cir. 2006) (citing Armstrong v. Dwyer, 155 F.3d 211, 214 (3d Cir.1998)). The only

2

requirement "is that the questions asked of the jury be adequate to determine the factual issues essential to the judgment."  Id. (quoting Dwyer, 155 F.3d at 216).

Interrogatory number one directly addressed the issue raised by the jury and it was neither necessary nor desirable to provide further instructions.

Plaintiff further asserts error in the dismissal of the Sherman Act § 1 claim, 15 U.S.C. § 1, based on alleged pressure by competitive distributors to terminate the plaintiff's supply contract.  At the close of the evidence, the district judge dismissed that count because of insufficient evidence on the definition of the relevant market, and failure to demonstrate the required impact on competition.  We find no error in the District Court's ruling.

Accordingly, the judgment of the District Court will be affirmed.